# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT HUBSCHMITT,
      Appellant,

      v.

DEPARTMENT OF HOMELAND
   SECURITY,
      Agency.

DOCKET NUMBER
NY-0752-24-0164-I-1

DATE:  August 5, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shane Robertson</u>, Esquire, and <u>Claire Cooke</u>, Esquire, Dallas, Texas,
   for the appellant.

<u>George Johnson</u>, Esquire, Springfield, Virginia, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's retaliation claim under Rehabilitation Act standards, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's pending motions are denied.

The appellant has filed three pending motions. First, he filed a Motion for Leave to File Supplemental Evidence, specifically, Standard Form 50s documenting performance-based recognition such as cash awards, time-off awards, and step increases. Petition for Review (PFR) File, Tab 15. We find that the evidence in question would not be material, as it is undisputed that the appellant's performance was excellent. Accordingly, we DENY the motion.

The appellant subsequently filed another Motion for Leave to File Supplemental Evidence, in which he "seeks to introduce newly obtained mitigation evidence." PFR File, Tab 17. Specifically, he seeks to introduce a certificate of completion of an outpatient treatment program; an opinion from a treating provider that the appellant's mental health diagnoses contributed directly to the charged misconduct; progress reports from a different mental health provider supporting the appellant's ongoing rehabilitation; and a letter from his current managers at Aldi that "speaks to his outstanding performance . . . and

positive conduct in the workplace." *Id.* at 4-5. The Board, in evaluating the relevant penalty factors, must consider post-removal mitigation evidence like that which the appellant seeks to introduce. *Norris v. Securities and Exchange Commission*, 675 F.3d 1349, 1357 (Fed. Cir. 2012). However, for the Board to accept this additional evidence, the appellant must show that the evidence is material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. *Maloney v. Executive Office of the President*, 2022 MSPB 26, ¶ 4 n.4; 5 C.F.R. §§ 1201.114(k), 1201.115(a)(1), (d).

As the administrative judge noted in the initial decision, the deciding official considered the appellant's statements that he was seeking help for his alcoholism and personal issues at home but determined that these factors did not outweigh the seriousness of his misconduct. Initial Appeal File (IAF), Tab 5 at 40, Tab 31, Initial Decision (ID) at 13. We agree with the deciding official's assessment. Assuming that the appellant's diagnoses played a part in the charged conduct, we give this mitigating factor considerable weight. *See Laniewicz v. Department of Veterans Affairs*, 83 M.S.P.R. 477, ¶ 15 (1999). However, in light of the seriousness of his misconduct, the appellant's subsequent completion of a treatment program and current success in a private sector job would not be sufficient to demonstrate that the appellant could perform his duties as a Explosive Detection Canine Handler, a job that the deciding official explained requires the "highest standards of integrity, honesty, reliability and judgment." IAF, Tab 5 at 39. Furthermore, the appellant's misconduct in this case not only affected his own job performance, but his intimidation and threats of violence caused his coworkers anxiety and fear and justify his removal from the workplace. ID at 31-32; IAF, Tab 5 at 40. Thus, we find that the evidence would

not be of sufficient weight to warrant mitigation of the penalty of removal and, accordingly, deny the appellant's motion.[2]

The appellant subsequently filed a Motion for Leave to File Motion to Vacate Initial Decision for Structural Due Process Violations. PFR File, Tab 19. By the appellant's own admission, the motion to vacate is not based on new documentary evidence but instead relies on "matters that are reflected in the existing record." *Id.* at 6. Because the appellant's argument is not based on new evidence, we DENY the motion. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (holding that the Board generally will not consider an argument raised for the first time on petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

The appellant's retaliation claim arises under the Rehabilitation Act rather than Title VII.

In addressing the appellant's claim of retaliation for equal employment opportunity (EEO) activity, the administrative judge applied Title VII standards. However, because the appellant's EEO activity concerned a claim of discrimination based on disability, we find that it was protected activity under the Rehabilitation Act rather than Title VII. Separate from its prohibition on disparate treatment discrimination, the Americans with Disabilities Act has an anti-retaliation provision, which prohibits discriminating against any individual "because such individual" has engaged in protected activity. 42 U.S.C. § 12203(a); *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 44. To obtain relief on a claim of retaliation for protected activity related to

---

[2] The appellant does not argue in his motion that this evidence is material to the issue of disability discrimination; thus, we will not evaluate his motion under that theory. PFR File, Tab 17; ID at 20-27. In any event, it is well settled that even if an employee's misconduct was a manifestation of the alleged disabling conditions, the Rehabilitation Act does not immunize disabled employees from being disciplined for their misconduct. *Laniewicz*, 83 M.S.P.R. 477, ¶ 5.

disability, the appellant must show that his protected activity was a but-for cause of the agency's decision. *Id.*, ¶¶ 43-46. While the administrative judge erred in applying Title VII standards to the appellant's retaliation claim, we discern no error in her finding that the appellant's protected EEO activity was not a motivating factor in his removal. It follows that the appellant also has not established the stricter causation standard applicable to retaliation claims under the Rehabilitation Act. *See id.*, ¶ 48.

We have considered the appellant's remaining arguments and find that they are without merit.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underline received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.